IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE PETTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:14-cv-01066-STA-dkv |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER**

Plaintiff Joyce Petty filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on August 7, 2012. On September 26, 2012, the ALJ denied the claim. The Appeals Council subsequently denied her request for review. Thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing."[1] The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7]

Plaintiff was born on August 24, 1957 and was fifty-three years old at the time of the filing of her application for benefits on May 23, 2011.[8] She alleges disability due to torn ligaments in both knees, diabetes, depression, heart problems, high blood pressure, deteriorated

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

[8] (R. 108-1112, ECF No. 7.)

disc in neck, high cholesterol, ulcers, migraines, and arthritis in her knees beginning April 1, 2001.[9] Plaintiff has a GED and previous work experience as a hospital sterilizer.[10]

The ALJ made the following findings: (1) Plaintiff met the insured status requirements through September 30, 2007; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has the following severe impairments: osteoarthritis of the knees and status post repair of torn meniscus, diabetes, obesity, and depression; but she does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff retains the residual functional capacity to perform a range of light work as defined in 20 C.F.R § 404.1567(b); Plaintiff can frequently utilize her right lower extremity for pushing and pulling, and frequently kneel, crawl, and climb stairs and ramps, but she can never climb ladders, ropes, or scaffolds; regarding her mental impairment, Plaintiff can tolerate frequent exposure to the general public; and sustain concentration, attention, persistence, and pace in two-hour segments with customary breaks; (5) Plaintiff is able to perform her past relevant work as a sterilizer; (6) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.[11]

---

[9] (*Id.* at 108, 127.) To be entitled to disability benefits under Title II, Plaintiff has the burden to show that she was disabled prior to the expiration of her insured status. *See* 20 C.F.R. § 404.130; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). Thus, the relevant time period for consideration in this case is from April 1, 2001, through September 30, 2007, the date her insured status expired.

[10] (*Id.* at 18.)

[11] (*Id.* at 12-19.)

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[12] The claimant bears the ultimate burden of establishing an entitlement to benefits.[13] The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[14]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[15]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[16] Here, the sequential analysis proceeded to the fourth step

---

[12] 42 U.S.C. § 423(d)(1).

[13] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[14] *Id.*

[15] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

4

with a finding that Plaintiff can perform her past relevant work. The Court finds that substantial evidence supports this determination.

Plaintiff argues that the ALJ failed to cite evidence to support the residual functional capacity finding. In support of her argument, she cites her own testimony at the administrative hearing and her medical records which document periodic treatment. Plaintiff's arguments are not persuasive.

As noted above, the initial burden of going forward is on Plaintiff to show that she is disabled from engaging in her former employment; once she makes that showing, the burden of going forward shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[17] Accordingly, it is Plaintiff's burden to prove that she has disabling limitations, not the ALJ's.[18]

The mere fact that Plaintiff has a diagnosis or diagnoses does not mean that she has disabling limitations. It is well settled that a diagnosis, in and of itself, "says nothing about the severity of the condition."[19] Instead, the ALJ must consider the actual work-related impact of those diagnoses.

Much of the record in this case concerns treatment dated after the expiration of Plaintiff's insured status and deals with problems like shoulder pain that were not an issue during the

---

[16] 20 C.F.R. § 404.1520(a).

[17] *Born*, 923 F.2d at 1173.

[18] *See Watters v. Comm'r of Soc. Sec. Admin.*, 530 F. App'x 419, 425 (6th Cir. 2013) (citations omitted) ("[T]his court has consistently affirmed that the claimant bears the burden of producing sufficient evidence to show the existence of a disability.")

[19] *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (citing *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988) (a diagnosable impairment is not necessarily disabling)).

relevant period. Evidence generated after the expiration of insured status and which does not relate to the claimant's condition on the date last insured is not relevant.[20] Other records in Plaintiff's medical file are not relevant because they are dated prior to her alleged onset date.

The records that are from the relevant time period do not support Plaintiff's subjective complaints. A claimant's credibility comes into question when her "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence."[21] "To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record."[22] This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying."[23] However, the ALJ's credibility finding "must find support in the record."[24]

Here, the Court finds no error in the ALJ's credibility determination because Plaintiff did not provide objective medical evidence to establish the intensity and persistence of her alleged symptoms, and the record as a whole does not indicate that her condition was of disabling severity. Although Plaintiff presented objective medical evidence of underlying medical

---

[20] *See Strong v. Comm'r of Soc. Sec.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value.").

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

[22] *Id.*

[23] *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

[24] *Id.*

conditions, i.e., osteoarthritis of the knees and status post repair of torn meniscus, diabetes, obesity, and depression, and the ALJ found that these impairments could reasonably cause the kind of limitations as alleged by Plaintiff, the ALJ also found that Plaintiff's statements about the intensity, persistence, and limiting effect of her alleged symptoms were not entirely credible because they were inconsistent with the evidence of record.[25]

First, the ALJ noted that the objective medical evidence did not support Plaintiff's claims. The ALJ acknowledged that there was some evidence that Plaintiff limped with an antalgic gait; however, other evidence showed that she retained normal muscle power, normal muscle tone and reflexes, intact neurological examination, and little swelling.[26] Plaintiff's endocrinologist reported that she had normal extremities and joints, a normal neurological examination, and that she did not have any swelling.[27] In 2005 x-rays showed that Plaintiff had "some medial collapse" in the knee, but clinical reports showed that she retained normal range of motion and had a normal neurological examination.[28]

Plaintiff sought infrequent, conservative treatment for her knees, and treatment was helpful. Plaintiff had injections for knee pain, and she told her doctor that she was "very pleased" with the results.[29] She did not report for further injections until several years after the

---

[25] *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(c) (stating that an ALJ is required to analyze the intensity and persistence of the claimant's symptoms if there is objective evidence of a medical condition that could reasonably cause the alleged impairments).

[26] (R. 16, ECF No. 7.)

[27] (*Id.* at 16, 187, 194.)

[28] (*Id.* at 588.)

[29] (*Id.* at 17, 583.)

end of the relevant period.³⁰ Records from the Eze Clinic show that Plaintiff was still "doing well" at the end of 2007, just a few months after the end of the relevant period.³¹ A 2010 medical report characterized her arthritis as "moderate," not severe.³² Several years after the expiration of her insured status, Plaintiff was instructed to use Tylenol and anti-inflammatories, not narcotics, indicating a non-disabling level of pain.³³ Disability is not supported when an individual's impairments improve with medication.³⁴

Plaintiff received little other treatment for knee pain. Plaintiff's failure to seek treatment for long intervals is inconsistent with her allegations of disabling symptoms. Such inconsistencies impugn Plaintiff's credibility, as the ALJ properly found.³⁵

Additionally, none of Plaintiff's doctors told her to limit her standing or walking during the relevant period or issued any opinion suggesting limitations inconsistent with the residual functional capacity finding.³⁶ Finally, the ALJ noted that Plaintiff's demeanor at the hearing did

---

³⁰ (*Id.* at 581-82.)

³¹ (*Id.* at 16, 277.)

³² (*Id.* at 578.)

³³ (*Id.* at 578.)

³⁴ *See also Smith v. Comm'r of Soc. Sec.*, 2014 WL 1663028 (6th Cir. April 25, 2014) (citation omitted) (evidence that medical issues can be improved when using prescribed drugs supports denial of disability benefits). *See also Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013) (finding a condition non-disabling when the claimant relied on over-the-counter medications).

³⁵ *See Stroud v. Comm'r of Soc. Sec.*, 504 F. App'x. 458 (6th Cir. 2012) (citing *Jones*, 336 F.3d at 476–77 (holding that an ALJ's credibility determination was reasonably based on the claimant's inconsistent testimony)).

³⁶ *See Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007) (finding it proper to consider that a physician "made no diagnosis and gave no medical opinion regarding plaintiff's ability to ambulate or his gait.").

not suggest disabling limitations.[37] Thus, substantial evidence supports the ALJ's residual functional capacity finding.

At step four of the sequential analysis, the ALJ compares the claimant's residual functional capacity with the requirements of the claimant's past work.[38] Past relevant work is, generally, a job that was performed within the last fifteen years, performed long enough to learn how to perform the job, and was substantial gainful activity.[39] If the past job did not require the claimant to perform activities in excess of the claimant's residual functional capacity, the claimant will be found not disabled.[40] A claimant must prove that she is unable to return to her past relevant work either as she performed that work or as that work is generally performed in the national economy.[41] Plaintiff has failed to carry her burden of proof.

The ALJ found that Plaintiff could perform her past relevant work as a sterilizer and, therefore, was not disabled. Plaintiff held this position from 1996 to 2001.[42] She worked long enough to learn the essential functions of the job, and she performed the work at the substantial gainful activity level. In comparing Plaintiff's residual functional capacity with the physical and mental demands of such work and based on the testimony of a vocational expert that, given Plaintiff's residual functional capacity and work history, Plaintiff could perform work as a

---

[37] *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (stating that ALJ credibility findings are due "great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility").

[38] 20 C.F.R. §§ 404.1520(e), 404.1560(b).

[39] 20 C.F.R. § 404.1565(a).

[40] 20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561.

[41] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

[42] (R. 18, ECF No 7.)

sterilizer as it is generally performed, the ALJ determined that Plaintiff would not be precluded from performing this past work.[43]  Accordingly, substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Because substantial evidence supports the ALJ's determination that Plaintiff was not disabled, the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   January 30, 2017.

---

[43] (*Id.*)